UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ESTHER HERZ,

                            Plaintiff,

      -against-

TRANSAMERICA LIFE INSURANCE COMPANY,
and TRANSAMERICA FINANCIAL LIFE INSURANCE
COMPANY,

                          Defendants.
------------------------------------------------------------------X

**COMPLAINT AND JURY DEMAND**

ECF CASE

Docket No. 1:16-CV-4416

Plaintiff, Esther Herz, by her attorney, Cary London, Esq., of London Indusi, LLP, for her complaint against the above Defendants alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action which seeks to enforce the terms of a life insurance contract entered into between the defendants and the deceased husband of the plaintiff.

2. During the deceased husband's lifetime, the deceased purchased a life insurance policy, naming the plaintiff as the beneficiary therein and insuring against accidental death, and duly made all premium payments and otherwise stringently complied with all the terms, conditions and obligations required under the contract. Upon the accidental death of the deceased, the plaintiff made several applications and requests for the release of the proceeds guaranteed under the policy.

3. This claim arises from the defendants' refusal and neglect to remit payment of the proceeds owed to the plaintiff under the policy following the accidental death of her husband.

## JURISDICTION

4. The jurisdiction of the Court is invoked based on diversity of citizenship pursuant to 28 U.S.C. § 1332, as it involves citizens of different states and damages in excess of $75,000.00.

## VENUE

5. Venue is laid within the Eastern District of New York as a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District. 28 U.S.C. § 1391 (b) and (c).

## PARTIES

6. Plaintiff Esther Herz (hereinafter "Mrs. Herz"), was and still is an individual residing in Kings County, in the City and State of New York, at 1148 East 10th Street, Brooklyn, NY 11230.

7. Mrs. Herz is and was the wife of the deceased, David Herz (hereinafter the "Deceased").

8. At all times here relevant, Transamerica Life Insurance Company (hereinafter "TLIC") is an Iowa corporation with its principal address located at 4333 Edgewood Road NE, Cedar Rapids, Iowa 52499.

9. At all times here relevant, Transamerica Financial Life Insurance Company (hereinafter "Transamerica"), is a Texas corporation with its principal address located at 2700 West Plano Parkway, Plano, Texas 75075.

10. At all times here relevant, Transamerica is a subsidiary or affiliate of TLIC.

11. At all times here relevant TLIC and its subsidiary/affiliate Transamerica operated, owned, maintained, controlled, and engaged in business as an insurance company.

12. At all times here relevant Stonebridge Life Insurance Company (hereinafter "Stonebridge")

was a Vermont corporation with its principal address located in Rutland, Vermont and an administrative office located at 2700 West Plano Parkway, Plano, Texas 75075.

13. That on or about October 1, 2015, Stonebridge merged with Transamerica. Thereafter, Transamerica and TLIC assumed all responsibilities and obligations under Stonebridge's existing insurance policies and contracts.

## FACTUAL CHARGES

14. That on or about April 16, 2007, in the City of New York, County of Kings, State of New York, Stonebridge, in consideration of $14.95 paid to it by the deceased, executed and delivered to the deceased its policy of insurance No. 25451GC343, insuring his life against death by accidental means (hereinafter the "Policy"). The Policy constitutes a binding contract.

15. In all respects, including from the time of the executed agreement until the deceased's death, the deceased paid, kept, and otherwise regularly performed all the agreements and conditions required of him under the Policy. At the time of the deceased's death, the Policy was in full force and effect.

16. Mrs. Herz is the party named by the deceased as his sole beneficiary under the Policy.

17. That on or about January 4, 2013, the deceased, while housed at the Four Seasons Nursing and Rehabilitation Center, located at Rockaway Parkway, Brooklyn, NY 11236, fell out of bed, falling four feet to the ground, violently striking his chest and face on the floor thereon.

18. As a result of the accidental fall, the deceased suffered blunt chest trauma and started to bleed profusely from his nose.

19. As a result of the injuries sustained by the accidental fall, the deceased started to suffer from an arrhythmia.

20. The deceased was then immediately transported to Brookdale Hospital, located at 1 Brookdale Plaza, Brooklyn, NY 11212. Shortly upon arriving at Brookdale Hospital, the deceased died from an arrhythmia caused by the fall.

21. Based on the foregoing, the deceased sustained bodily injuries by accidental means which, independently and exclusively of disease and all other causes, resulted in his death. The deceased's subsequent accidental death was a condition covered under the Policy.

22. That on or about January 21, 2013, after the death of her husband, Mrs. Herz timely furnished defendants with notice and proof of his death.

23. In all other respects, Mrs. Herz performed the conditions required of her by the policy as beneficiary.

24. More than three years have elapsed since Mrs. Herz furnished defendants with proof of the deceased's death.

25. Defendants have wilfully, negligently, intentionally, and in bad faith, refused to pay Mrs. Herz the proceeds, approximately $125,000.00, owed and provided for under the Policy.

## FIRST CAUSE OF ACTION
Breach of Contract

26. Plaintiff repeats, reiterates and realleges each and every allegation as if fully set forth herein.

27. That defendants, from January 2013 to present, knowingly, purposely, voluntarily, and intentionally breached their contractual obligations to plaintiff by failing to provide the proceeds guaranteed under the aforementioned Policy.

28. That as a result of defendant's breach, plaintiff has been caused to suffer substantial monetary damages.

## SECOND CAUSE OF ACTION

Bad Faith

29. Plaintiff repeats, reiterates and realleges each and every allegation as if fully set forth herein.

30. That defendants acted in bad faith by unreasonably withholding payment and refusing to pay the amount owed under the insurance policy.

31. That as a result of defendant's breach, plaintiff has been caused to suffer substantial monetary damages.

### THIRD CAUSE OF ACTION
Breach of the Covenant of Good Faith and Fair Dealing

32. Plaintiff repeats, reiterates and realleges each and every allegation as if fully set forth herein.

33. Defendants have acted without reasonable basis or justification and in contravention of its duty of good faith and fair dealing in handling the Plaintiff's claims, namely:

    a. Defendants have unreasonably and intentionally refused to pay benefits to the Plaintiff to which she is entitled under the Policy;

    b. Defendants have unreasonably and intentionally delayed payments to the Plaintiff to which she is entitled under the Policy;

    c. Defendants have intentionally failed to conduct a reasonable investigation into the claims based on all available information and to reasonably evaluate and review the information; and

    d. Defendants have no reliable knowledge or information upon which to substantiate the denial of the Plaintiff's claims.

34. Defendants violated the provisions of the Insurance Law of the State of New York in failing to implement reasonable standards for the prompt settlement of claims, neglected to

attempt in good faith to effectuate a prompt, fair and equitable payment of the Proceeds of the Insurance Policy where no dispute exists as to the person entitled; and failed to provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for refusal to pay the proceeds, and by that reason Plaintiff was damaged and Plaintiff is entitled to exemplary or punitive damages in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
Unjust Enrichment

35. Plaintiff repeats, reiterates and realleges each and every allegation as if fully set forth herein.

36. That from January 2013, defendants knowingly, purposely, voluntarily and intentionally refused to tender the proceeds under the Policy to plaintiff, the beneficiary therein.

37. That as a result of defendants's actions, plaintiff was deprived of the benefits accorded under the Policy.

38. That defendants were unjustly enriched by accepting monthly premium payments in consideration for continued coverage and benefits provided for under the Policy and then purposely and intentionally failing to deliver the proceeds upon the accidental death of the deceased and therefore, defendants received a substantial benefit that it was not entitled to receive all to the detriment of plaintiff.

39. That defendants will ultimately be responsible to plaintiff in that defendants will, pursuant to the conditions under the Policy, remit full payment of the proceeds guaranteed under the Policy to plaintiff for the accidental death of her husband, the deceased.

40. That it would be against existing equitable principles to permit defendants to benefit from the plaintiff's monthly insurance premiums only to refuse to remit payment of the proceeds

guaranteed in the Policy thereunder upon its contractual obligation to do so.

41. That plaintiff timely notified defendants upon the deceased's accidental death and defendants have chosen to ignore such claim by neglecting to remit payment thereupon.

**FIFTH CAUSE OF ACTION**
Attorney's Fees

42. Plaintiff repeats, reiterates and realleges each and every allegation as if fully set forth herein.

43. By reason of defendants willful refusal to pay the proceeds under the Policy, plaintiff was compelled to initiate steps to recover the said proceeds including securing legal services and has been damaged thereby.

44. Defendants have acted with actual knowledge or with reckless disregard of the lack of a reasonable basis in denying the claims, denying payment of the claims, and failing to conduct a reasonable investigation into the claims and failing to reasonably evaluate the available information.

45. As a direct result of the defendants' bad faith, the plaintiff insured has suffered compensatory damages in an amount not yet ascertained, and the plaintiff has and will continue to suffer damages, including, but not limited to, the costs and attorney's fees incurred in maintaining and prosecuting the instant proceeding.

WHEREFORE, plaintiff, ESTHER HERZ, demands judgment as follows:

a. On the first cause of action in the sum of $125,000.00 dollars with interest at the rate .9 % per annum from the accrual date until paid;

b. On the second cause of action, exemplary or punitive damages in an amount to be determined at trial;

7

c. On the third cause of action, exemplary or punitive damages in an amount to be determined at trial;

d. On the fourth cause of action in the sum of $125,000.00 dollars with interest at the rate of .9% per annum from the accrual date until paid;

e. Costs of suit, including attorney's fees, disbursements, expert fees, and costs of this action; and such other and further relief as the court deems just and proper.

## JURY DEMAND

Plaintiffs demands a trial by jury.

Dated:   August 3, 2016
         Brooklyn, New York

                                                  Respectfully submitted,

                                                  _____/s/ Cary London, Esq._____
                                                  Cary London, Esq.
                                                  London Indusi LLP
                                                  186 Joralemon Street, Suite 1202
                                                  Brooklyn, NY 11201
                                                  (718) 301-4593 – Phone
                                                  (718) 247-9391 – Fax
                                                  Cary@LondonIndusi.com